JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7528 GAF (SHx) | Date | October 13, 2010 |
|---|---|---|---|
| Title | Edward J Fontaine v. Apollo Enterprise Solutions Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (In Chambers)

### ORDER REMANDING CASE

On September 1, 2010, Plaintiff Edward Fontaine ("Plaintiff") filed the present suit in Los Angeles Superior Court against Defendant Apollo Enterprise Solutions, Inc. ("Defendant"). (Docket No. 1, Ex. 1 [Complaint].) Fontaine, who is a citizen of the state of Rhode Island, alleges a single state law cause of action for breach of contract against Defendant. (Id.) On October 7, 2010, Defendant timely removed the action to this Court pursuant to 28 U.S.C. § 1441(b) and claims that this Court has diversity jurisdiction to hear the case because Defendant is a citizen of the State of California.

Section 1441(b) provides:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

The language of the removal statute is quite clear. As the first sentence indicates, federal question removal is proper without regard to the citizenship of the parties. The second sentence, however, establishes an important limitation on diversity jurisdiction removal: removal is permitted only if none of the parties served as defendants are citizens of the state in which the action is brought. 28 U.S.C. § 1441(b); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-7528 GAF (SHx) | Date | October 13, 2010 |
|---|---|---|---|
| Title | Edward J Fontaine v. Apollo Enterprise Solutions Inc et al | | |

In the present suit, Apollo has claimed that it "was and currently is a California corporation with its principal place of business in the City of Long Beach, [California]. (Not. ¶ 5.) Corporate citizenship is defined by the defendant's state of incorporation and principal place of business. See 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010). Thus, because Apollo is a citizen of California and Plaintiff brought this action in California, removal was improper pursuant to Section 1441(b).

Accordingly, this suit is **REMANDED** to Los Angeles Superior Court.

**IT IS SO ORDERED.**